UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**QUINTON D. DAVIS**                 **CIVIL ACTION NO. 23-0034**

                                                   **SECTION P**

**VS.**

                                                   **JUDGE TERRY A. DOUGHTY**

**RICHLAND PARISH DETENTION**        **MAG. JUDGE KAYLA D. MCCLUSKY**
**CENTER**

## REPORT AND RECOMMENDATION

Plaintiff Quinton D. Davis, a prisoner at Richland Parish Detention Center ("RPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately January 9, 2023, under 42 U.S.C. § 1983. He names RPDC as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that on December 26, 2022, while he was walking down a hallway at RPDC, he slipped and fell on a wet floor, injuring his leg and back. [doc. # 1, p. 3]. He did not see the water on the floor before he fell. *Id.* He claims that "there was not a wet floor sign out . . . ." *Id.* A correctional officer helped him "up and told another inmate to go get a wet floor sign to put out . . . ." *Id.*

Plaintiff seeks the shutdown of RPDC and compensation for his pain, suffering, and medical bills. [doc. # 1, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

3

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Conditions of Confinement**

"While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (*quoting Farmer v. Brennan*, 511 U.S. 825 (1994)). To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of "the minimal civilized measure of life's necessities."[3] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer*, 511 U.S. at 837.

Here, Plaintiff does not allege that RPDC (or any other potential defendant) knew he was exposed to a substantial risk of serious harm or was deliberately indifferent to such a risk. Thus,

---

[3] The deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. This standard is not static: the inquiry is whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation marks and quoted source omitted).

to the extent he claims that RPDC confined him in unconstitutional conditions, the Court should dismiss his claims.

Plaintiff suggests that RPDC should have utilized additional care. RPDC's action (or inaction), however, amounts to no more than potential negligence. *See Mack v. Johnson*, 48 F. App'x 105 (5th Cir. 2002) (concluding, where a prisoner slipped and fell in a puddle of water in his cell, that the prisoner alleged "at most" negligence even though the defendants knew about the leak but failed to repair it).[4]

To state a claim under Section 1983, a prisoner must allege a violation of a constitutional right. Allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence."). If Plaintiff seeks to pursue negligence claims, he should do so in state court.

---

[4] *See also Coleman v. Sweetin*, 745 F.3d 756, 764-65 (5th Cir. 2014) (per curiam) (explaining that federal courts frequently reject claims based on slip and fall accidents because "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards."); *Atkins v. Sheriff's Jail Avoyelles Par.*, 278 F. App'x 438, 439 (5th Cir. 2008) (concluding, where a prisoner alleged that officials failed to repair leaks that caused water puddles, which in turn caused the prisoner to fall, that the prisoner did not show "that the officials disregarded any inference that there was a substantial risk of serious harm" and that the claims amounted only to negligence); *Marsh v. Jones*, 53 F.3d 707, 711-712 (5th Cir. 1995) (holding that "a garden-variety negligence claim" based on damages arising from a leaking air conditioner unit and a slippery floor "is not actionable under section 1983."); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining that "acts of negligence . . . do not constitute deliberate indifference"); *Hemphill v. Hamilton*, 381 F. App'x 416, 417 (5th Cir. 2010); *Andrews v. Belt*, 274 F. App'x 359, 360 (5th Cir. 2008).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Quinton D. Davis's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of April, 2023.

Kayla Dye McClusky
United States Magistrate Judge